[Civ. No. 772. First Appellate District.—September 30, 1910.]

## F. E. SNOWDEN, Respondent, v. GEORGE H. DERRICK and GEORGE W. HOWELL, Appellants.

CONTRACT TO SELL LAND—DEFECTIVE TITLE—SUFFICIENCY OF COMPLAINT TO RECOVER DEPOSIT.—Where a contract to sell land provided that if the title thereto "prove defective, and cannot be perfected within a reasonable time," then the vendors would return and pay back to the purchaser the deposit made on account of purchase money, a complaint to recover the deposit, which sets up the contract and alleges that the title is defective, in respect of perpetual easements, upon part thereof, and in that a minor had the right to disaffirm and rescind a conveyance of thirty-one and one-half acres thereof, and in that there is a judgment lien thereupon for $3,195.76, and

alleges that plaintiff informed defendants in writing of each of said defects, and that they failed to cure the same within a reasonable time, or at all, and that a reasonable time had elapsed, states a cause of action, and a demurrer thereto was properly overruled.

ID.—UNNECESSARY AVERMENT—READINESS TO PAY IN FULL FOR A GOOD TITLE.—It was not necessary that the complaint should aver, in such case, that the plaintiff is ready, willing and able to pay the full amount agreed to be paid for a good title, or that he offered to pay the purchase price and demanded a deed. Such averments are only required to be made to put the vendor in default, where there is no valid objection to the title.

ID.—NATURE OF CASE MADE—BURDEN UPON DEFENDANTS.—The complaint shows a state of facts where the title is defective, and defendants, upon notice and request to cure the defects specified, could not, and did not, obviate the defects within a reasonable time; and it is clearly sufficient to put the burden upon the defendants to show a legal reason why the plaintiff is not entitled to the return of his deposit.

ID.—INSUFFICIENT ANSWER—LEGAL EXCUSE NOT SHOWN—PROPER JUDGMENT UPON PLEADINGS.—Where the answer is insufficient to show a legal excuse to prevent the recovery of the deposit, the court properly gave judgment for plaintiff upon the pleadings for the recovery thereof.

ID.—ADMISSION OF EASEMENTS IN ANSWER—ABSENCE OF EXCEPTION IN CONTRACT—KNOWLEDGE OF EASEMENTS BY PLAINTIFF IMMATERIAL.—Where the answer admits the existence of the perpetual easements described in the complaint, and does not show that they were excepted from the terms of the contract, the mere averment therein that when defendant entered into the contract he knew of the existence of those easements discloses no legal defense to the action to recover the deposit, since plaintiff's knowledge resting in parol cannot vary the terms or legal effect of the contract.

ID.—PERMISSION TO PURCHASER TO CONNECT WITH "SEWER"—NOTICE OF OUTSTANDING EASEMENTS IN COUNTY NOT GIVEN.—A permission given in the contract to the purchaser to make specified connections to "sewer" is perfectly consistent with the theory that the "sewer" referred to was the property of the vendor, and cannot constitute notice that there was an outstanding perpetual easement in the county twenty-two feet in width for sewerage and other purposes.

ID.—POLICY TO HOLD PARTIES TO TERMS OF WRITTEN CONTRACT.—It is the best policy to hold the parties to the terms of their agreement as expressed in their written contract, and to allow of no exceptions not expressly stated therein.

ID.—INEFFECTIVE OFFER TO CONVEY TITLE FREE FROM ALL ENCUMBRANCES AND EASEMENTS STILL EXISTING.—An offer by the defendants to convey a title free from all encumbrances while the encumbrances and easements still continued to exist was ineffect-

ive. Such offer was of nothing more than the agreement made by them in the first place.

ID.—RIGHT OF PLAINTIFF TO PERFECT TITLE.—The plaintiff, as purchaser, had the right to a title free from litigation, palpable defects, or grave doubts. It does not appear that he has been able to get such title, or that any such title was tendered him, at or before the time when the answer was filed, or at any time.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Langan & Mendenhall, for Appellants.

W. B. Rinehart, for Respondent.

COOPER, P. J.—This appeal is from the judgment given in favor of plaintiff and against defendants on the pleadings.

The action was brought to recover $1,500 paid by plaintiff to defendants as a deposit and as part payment for the purchase price of real estate. It is alleged in the complaint that on the sixteenth day of February, 1907, an agreement or writing was entered into, by the terms of which the defendants agreed to sell to the plaintiff a tract of land containing one hundred and twenty-five acres therein described, for the sum of $62,500, of which sum $1,500 was to be and was paid at the time when the contract was signed, and the balance was thereafter to be paid in certain installments as therein provided. The contract provided: "In the event that the title to the said lands and premises prove defective and cannot be perfected within a reasonable time, we agree to return and pay back to the said F. E. Snowden on demand said payment of $1,500 this day paid to us."

The complaint further alleges that the plaintiff had the title to said property examined, and found the title defective and imperfect in certain particulars as follows:

"(1) Two certain rights of way evidenced by instruments in writing duly acknowledged and recorded respectively in Liber 572 of Deeds, page 250, and Liber 597 of Deeds, page 176, in the office of the County Recorder of Alameda County, to the county of Alameda for sewerage and other purposes, which said rights of way are and were in the nature of per-

petual easements granted to the said County of Alameda by former owners and holders of the fee simple title to said land, covering a strip of land twenty-two (22) feet in width along the entire western boundary line thereof, and lying next and adjacent to the land of J. P. Marlin and Rene de Tocqueville;

"(2) The right of Arthur C. Shiman to disaffirm or rescind within a reasonable time the conveyance of 31½ acres of the western portion of said premises by reason of his not being of age at the time of the execution of a certain deed from himself to William J. Shiman, covering said 31½ acres of said premises, and recorded in Liber 1015 of deeds at page 333, in the office of the County Recorder of Alameda County.

"(3) A judgment of the Superior Court of the County of Alameda, State of California, duly given, made, rendered and entered on the 31st day of January, 1907, in favor of Anna J. Gilson against the said defendant, George H. Derrick, for the sum of Thirty-one hundred ninety-five and 76/100 dollars ($3,195.76) and costs of suit, being case number 23,275 in said Superior Court, and the said judgment being of record in volume 59 of Judgments, page 302, remaining unsatisfied."

That on the eighteenth day of April, 1907, plaintiff informed defendants in writing of the said defects, but that defendants did not remove or cause the said defects to be removed within a reasonable time, or at all, and that a reasonable time had elapsed before the thirteenth day of March, 1908, the day the complaint was filed.

The demurrer to the complaint was properly overruled. The facts stated in the complaint show that plaintiff had done all that was required of him, and by his objections to the title had placed upon the defendants the burden of removing or correcting said objections. By the express terms of the agreement the $1,500 was to be returned to plaintiff if the title should prove defective, and the defects could not be cured within a reasonable time. It is alleged that said defects had not been cured, and that a reasonable time had elapsed.

It is not like the case of an ordinary contract to convey where there is no valid objection to the title. In such case the contract being mutual, the vendee cannot put the vendor in default without alleging that he is ready and willing and

able to pay the amount agreed to be paid, and that he offered to pay the purchase price and demanded a deed. Here the plaintiff demanded and requested that the defendants' title be cured. Defendants did not cure it, or offer to convey to plaintiff a good title. Plaintiff was not required to again go to the defendants and say in effect: "Although I have pointed out certain defects in your title, and although you have not corrected them and you have had a reasonable time to do so, I now offer to pay the balance of the purchase money upon your giving me a good title." If the title was defective, and the defendants could not, and did not, obviate the defects within a reasonable time, the plaintiff was entitled to the return of the $1,500 as provided in the contract. The complaint shows such a state of facts, and clearly put the burden upon the defendants to show a legal reason why the plaintiff is not entitled to the return of his deposit.

The amended answer of defendants attempted to do this, and as judgment was given upon the pleadings, we must examine the answer in order to determine the question of its sufficiency, or as to whether or not it states facts which show that plaintiff is not entitled to a return of his deposit.

As to the first defect, the answer admits that the two easements therein described existed as pointed out, but alleges that the plaintiff, when he paid the $1,500 and took the contract, knew of the existence of said easements, and accepted the said contract and paid the deposit with full knowledge of the said easements, and that the contract refers to said easements in such way as to now preclude the plaintiff from claiming that they are an encumbrance on the title. As to the knowledge of plaintiff, or as to matters that must necessarily rest in parol, we cannot hold that such evidence would be admissible to vary the terms of the contract. The written agreement was that defendants would give a good title to the property, and the only exception is that the property is to be taken subject to an outstanding lease to one Coelho. There is at the end of the contract the clause: "Howell and Derrick have privilege to make two 6″ sewer connections to sewer." This clause of itself does not show that the county of Alameda was the owner of any rights of way twenty-two feet in width for sewerage and for other purposes. This is perfectly consistent with the idea that there was no perpetual easement outstanding in a third party for sewers, and is

consistent with the theory that the sewer was the property of the owners of the land. In any event, no easements or rights of way are excepted by the terms of the writing, and we deem it the best policy to hold parties to the terms of their agreements as expressed therein. To allow parol evidence as to easements or other defects, for the purpose of showing that the vendee took the contract with notice of them, would be a very dangerous rule. It would make the question as to whether or not the title tendered was good and sufficient depend upon the oral testimony that the parties might be able to procure. It was said in discussing a similar question in *Koshland* v. *Spring,* 116 Cal. 689, [48 Pac. 58]: "Appellants further maintained that even allowing the dedication of all the streets laid out on the map, yet respondents had notice of the fact and contracted to buy subject to that easement. This is asserted on the evidence that in the course of the negotiation Koshland, one of the purchasers, was shown copies of the map, knew that a townsite had been laid out on the tract by the Decoto Land Company, and that 'there was a piece of land called Decoto—it was the town of Decoto that was to be sold.' Since defendants were in express terms obligated to make good title as a condition of the sale, we do not concede that actual knowledge by the purchasers of dedication to public use of the extensive street surface exhibited on the map—the tract being mainly or largely agricultural and to be sold as acreage—could be deemed, while the contract remained executory, to imply a waiver of substantial fulfillment of the condition for title."

Defendants admit the defect pointed out in the third specification, and that the judgment therein described is still a lien upon the property, but seek to obviate it by urging "that on or about the twenty-third day of April, 1907, the defendants in good faith offered the plaintiff in writing to convey to the plaintiff all said real property free of all encumbrances, and demanded payment of the remainder of the purchase price according to the terms of said contract. And the plaintiff then refused to accept said offer, and refused, and still does refuse, to pay the balance of the purchase price of said premises, or any part thereof, according to the terms of the said contract or otherwise. That on the twenty-third day of April, 1907, when said offer was made, the defendants were, ever since have been and now are, able, willing and

anxious to comply with said offer, although on the twenty-third day of April, 1907, when said offer was made, said judgment had not been paid nor satisfied of record.'' There is no allegation or statement that said judgment has ever been satisfied or the land relieved from the lien thereof. It does not appear in what manner the defendants could place plaintiff in default by offering in writing to convey a good title free from all encumbrances when they expressly admit the defects pointed out. The offer was nothing more than the agreement they made in the first place. If they had in fact perfected the title, paid off the judgment and relieved the property of the easements within a reasonable time, and then gave the plaintiff notice thereof, the question would be quite different; but such is not the case. The defects still existed. The plaintiff had the right, as has been said by the supreme court, to a title free from litigation, palpable defects or grave doubts. It does not appear that he has been able to get such title or that any such title is now tendered him, or was tendered him at the time the answer was filed and the issues made up.

We conclude that the court was correct in granting judgment in favor of plaintiff upon the pleadings, and the judgment is therefore affirmed.

Hall, J., and Kerrigan, J., concurred.